UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-2880 DSF; 14-bk-21848-DS | Date | 10/28/16 |
| Title | In re Laura Pierson | | |

Present: The Honorable   DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) REVERSING Bankruptcy Court's Grant of Summary Judgment and REMANDING for Further Proceedings

## I.   INTRODUCTION

Appellant Laura Pierson appeals the bankruptcy court's order granting summary judgment in favor of Appellees National Collegiate Student Loan Trust 2007-2 and National Collegiate Student Loan Trust 2006-03 (National Collegiate), thereby denying Pierson's request to discharge student debt.[1]

## II.   LEGAL STANDARD

A district court reviews a bankruptcy court's grant of summary judgment de novo. In re Caneva, 550 F.3d 755, 760-61 (9th Cir. 2008).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "This burden is not a light one."   In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir.

---

[1] Pierson owed National Collegiate $65,933.15 when National Collegiate moved for summary judgment.  Appendix at 173.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

2010).  But the moving party need not disprove the opposing party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  <u>Id.</u> at 323-24; Fed. R. Civ. P. 56(c)(1).  A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment.  See <u>Celotex Corp.</u>, 477 U.S. at 322.  "[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues."  <u>Chevron Corp. v. Pennzoil Co.</u>, 974 F.2d 1156, 1161 (9th Cir. 1992).  Rather, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986) (internal quotation marks and ellipsis omitted).

To determine whether a debtor in bankruptcy may discharge a student loan, the Ninth Circuit follows the test adopted by the Second Circuit in <u>Brunner v. N.Y. State Higher Educ. Servs. Corp.</u>, 831 F.2d 395 (2d Cir. 1987).  <u>In re Pena</u>, 155 F.3d 1108, 1112 (9th Cir. 1998).  In <u>Brunner</u>, the Second Circuit held that deciding whether a party can discharge her student loans requires a determination of whether discharging the loans would impose an "undue hardship" under 11 U.S.C. § 523(a)(8).  See <u>Brunner</u>, 831 F.2d at 396.  The Second Circuit's standard for "undue hardship" requires a three-part showing: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for the debtor and his or her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.  <u>Id.</u>  Here, the bankruptcy court found that there were genuine issues of fact as to the first two prongs,[2] but found that Pierson could not show "good faith."

**III.   DISCUSSION**

"'Good faith is measured by the debtor's efforts to obtain employment, maximize income, and minimize expenses.'  Courts will also consider '[a] debtor's effort – or lack thereof – to negotiate a repayment plan,' although a history of making or not making payments is, by itself, not dispositive."  <u>In re Mason</u>, 464 F.3d 878, 884 (9th Cir. 2006) (alteration in original) (citations omitted).  The bankruptcy court granted summary judgment for National Collegiate because Pierson made no payments and failed to

---

[2] Because the parties do not appeal these issues, this Court does not address them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

present evidence that she made an effort to "work out a payment plan or anything of that nature." Appendix at 217.[3] The bankruptcy court thus relied on more than Pierson's payment history. See In re Roth, 490 B.R. 908, 917 (B.A.P. 9th Cir. 2013) (whether debtor made payments, whether debtor attempted to negotiate a repayment plan, and whether debtor sought deferments or forbearances are separate inquiries).[4] Pierson's argument to the contrary is incorrect.

    There is support for a finding that, when a debtor both fails to make payments and fails to attempt to negotiate a repayment plan, the debtor has not met her burden on the "good faith" prong. See In re Nichols, No. ADV 11-00784, 2013 WL 3497666, at *5 (B.A.P. 9th Cir. July 9, 2013), aff'd, 605 F. App'x 660 (9th Cir. 2015) (debtors failed to establish prima facie case for undue hardship where debtors failed to meet their burden on the third prong because they "did not provide any evidence of payments, deferrals, or attempts to consolidate"); In re Blackbird, No. ADV 07-04039, 2008 WL 8444793, at *7 (B.A.P. 9th Cir. July 11, 2008) (evidence that debtor does not lack good faith is not affirmative proof of good faith; where record does not show debtor took any steps to negotiate an alternative repayment method or repay any amount of his loan, "[t]he evidence did not add up to an affirmative demonstration of good faith"); In re Berryhill, No. CV 10-8006-VBF, 2011 WL 3861598, at *4 (C.D. Cal. Aug. 31, 2011) (debtor's "failure to present any evidence or testimony that he has explored [alternative repayment] options is fatal to his request to discharge").

    However, those cases are distinguishable based on other evidence – related to efforts to obtain employment, maximize income, and minimize expenses – that the Ninth Circuit has instructed courts to consider. See In re Nichols, 2013 WL 3497666, at *2 (debtors "provided no evidence to show a repayment effort, nor did they address that prong in argument"); In re Blackbird, 2008 WL 8444793, at *7 (debtor failed to maximize his income); In re Berryhill, 2011 WL 3861598, at *3 (debtor failed to

---

[3] Pierson may not argue the bankruptcy court failed to consider evidence of post-filing efforts to negotiate a repayment plan. Pierson's counsel admitted he did not submit any such evidence. See Appendix at 211-12. The bankruptcy court appears to have considered it nonetheless, but found it insufficient. See id. at 217.

[4] Pierson fails to support her argument that payment on *other* loans constitutes evidence of good faith. While using what income the debtor has to pay one loan over another may not *negate* good faith as to the unpaid loan, cf. In re Pena, 155 F.3d at 1114, Pierson provides no support that it can affirmatively *demonstrate* good faith as to that unpaid loan. Instead, it seems the purpose of the third prong would be undermined if a debtor could obtain numerous student loans knowing she would be able to discharge all based only on payments made toward one. See id. at 1111.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

demonstrate minimized expenses). Here, Pierson has presented evidence she claims demonstrates a good faith effort to obtain employment, maximize income, and minimize expenses in light of her Bipolar I diagnosis. Pierson claims that, even with maximizing income and minimizing expenses, she earns $551.15 per month less than her monthly expenses and obligations. Appendix at 155-56. The bankruptcy court found there were factual disputes that, although analyzed under Brunner's other prongs, also seem to influence whether Pierson has maximized income and minimized expenses under the third prong. See Appendix at 216 (disputed facts exist as to whether "this is a situation that many people are able to deal with, and to work productively and to earn a significant income"; "what expenses are necessary and what are not"; and "whether [Pierson] would be able to live in a less expensive apartment"); see also Appendix at 174-76 (disputed issues of fact regarding Pierson's income and expenses).

The bankruptcy court's acknowledgement of these disputed facts that may impact "good faith" should have prevented it from granting summary judgment – particularly given the need to view the evidence in the light most favorable to Pierson. Cf. Hedlund v. Educ. Res. Inst. Inc., 718 F.3d 848, 852, 855 (9th Cir. 2013) (bankruptcy court's ruling withstood de novo review of the legal issues where it properly applied all three Brunner prongs and "it considered the various factors that are relevant to good faith," which included: efforts to obtain employment, maximize income, and minimize expenses, as well as efforts to negotiate a payment plan and make payments). This is particularly so, given that courts in the Ninth Circuit have observed that a debtor's financial circumstances may impact her *ability* to repay and the *futility* of a repayment plan, and thus influence the weight accorded to those "good faith" factors. See In re Roth, 490 B.R. at 918 ("lack of even minimal voluntary payments is not lack of good faith if the debtor did not have the financial wherewithal to make them"); id. at 919-20 (failure to seek forbearance or enroll in repayment plan may not weigh against debtor's good faith if such efforts would have been futile "especially given her age, poor health, and limited income prospects"); cf. In re Mandighomi, 242 F. App'x 401, 404 (9th Cir. 2007) (unpublished) (affirming "good faith" finding where debtor maximized income and minimized expenses, despite debtor's failure to make any payments and failure to explore repayment alternatives where "all of the payment options suggested by [the lender] are far beyond [the debtor's] ability to pay"). The bankruptcy court here erred by ruling on "good faith" without reference to Pierson's individual circumstances – which it acknowledged were in dispute.

Because evidence related to Pierson's good faith attempts to obtain employment, maximize income, and minimize expenses was in dispute – and resolution could affect the other factors analyzed under "good faith" – summary judgment was not appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

The bankruptcy court's order granting summary judgment in favor of National Collegiate is REVERSED and the matter is REMANDED for further proceedings.

   IT IS SO ORDERED.